122 F.3d 1070
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ed FINKELSTEIN, Plaintiff-Appellant,
v.
Jim KOLBE, Defendant-Appellee.
 No. 97-15245.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 25, 1997.**
Decided Sept. 4, 1997.
 
 Appeal from the United States District Court for the District of Arizona. William D. Browning, District Judge, Presiding.
 Before REINHARDT, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Ed Finkelstein appeals pro se the district court's dismissal of his complaint with prejudice. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we vacate and remand.
 
 
 3
 First, although Finkelstein's notice of appeal designated only the order denying his motion to alter or amend judgment, not the order dismissing his complaint, we have jurisdiction to review both orders because Kolbe had notice that Finkelstein was appealing the order dismissing his complaint and Kolbe fully briefed the issue.[1] See Meehan v. County of Los Angeles, 856 F.2d 102, 105 (9th Cir.1988).
 
 
 4
 Second, although a district court may properly deny leave to amend where the court finds that amendment would be futile or the amended complaint would be subject to dismissal, the record here does not indicate whether the district court made such a finding. See Saul v. United States, 928 F.2d 829, 843 (9th Cir.1991). Accordingly, we vacate the order granting dismissal with prejudice, and remand for a determination of the propriety of leave to amend.[2]
 
 VACATED and REMANDED.[3]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly, Finkelstein's request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Because we vacate the December 26, 1996 dismissal order, the propriety of the district court's January 3, 1997 order denying Finkelstein's motion to alter or amend judgment is moot
 
 
 [2]
 Finkelstein's contention that Kolbe's motion to dismiss should have been stricken because it was filed less than twenty days after the complaint, in violation of Fed.R.Civ.P. 56(a), lacks merit because Rule 56(a) is inapplicable to motions to dismiss under Fed.R.Civ.P. 12(b)
 
 
 [3]
 We have considered Finkelstein's additional contentions and conclude that they are without merit. First, we do not have jurisdiction to consider Finkelstein's request to amend his complaint on appeal to add claims under the Federal Tort Claims Act, 28 U.S.C. § 2671, against Kolbe and District Judge William D. Browning, because Finkelstein raises this issue for the first time on appeal. See Duggan v. Hobbs, 99 F.3d 307, 313 (9th Cir.1996). Second, because Finkelstein failed to show unusual circumstances or personal bias on the part of the district court judge, we deny Finkelstein's request to remand to a different judge. See California v. Montrose Chem. Corp., 104 F.3d 1507, 1521 (9th Cir.1997). Further, we do not review the district court's denial of Kolbe's motion for sanctions because Kolbe did not appeal the order, and we do not award Kolbe sanctions on appeal because Kolbe presented no grounds for such an award